UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP DEWAYNE STEWART                                                          PLAINTIFF

v.                                      Case No. 6:15-cv-06084

CAPT. EVELYN HAYNIE GULLEY and SGT. RICHIE GUY                                   DEFENDANTS

## OPINION AND ORDER

Plaintiff, Phillip Dewayne Stewart, submitted this *pro se* action for filing on August 18, 2015, in the Eastern District of Arkansas. (Doc. 1). The case was properly transferred to this District on August 19, 2015. (Doc. 2). Currently before the Court is Defendants' motion for judgment on the pleadings. (Doc. 14).

## I.     BACKGROUND

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Arkansas Department of Correction ("ADC"), Ouachita River Unit. Plaintiff alleges his constitutional rights were violated by "wrongful punishment" when Defendant Guy wrote a major disciplinary charge against him. Plaintiff alleges he was attacked on September 7, 2012, by inmate Sammie Bowman and that Plaintiff subsequently pressed a call button and was let out of his barracks by a control booth operator. (Doc, 1, p. 6). Plaintiff alleges Bowman "pushed him" on the face and back. (Doc. 1, p. 7). Defendant Guy investigated the incident. Defendant Guy interviewed Bowman, who stated nothing had happened. Plaintiff instructed him to view the camera for the barracks. Plaintiff alleges Defendant Guy then left to speak with Defendant Gulley. Plaintiff alleges Defendant Guy reported that Defendant Gulley told him not to look at

1

the camera if there were no "marks" or signs of assault on Plaintiff. As there were not, Defendant Guy did not look at the camera. Plaintiff alleges the failure to review the camera was a violation of ADC Policy AR-411, and attaches this document to his complaint.[1] (Doc. 1, p. 10, 26).

Plaintiff alleges Defendant Guy then told him to return to his barracks. Plaintiff refused. He alleges he did not want to return to the barracks because Bowman remained in that area. (Doc. 1, p. 7). Plaintiff alleges he was told to return to the barracks or receive a disciplinary charge. After he refused a second time, Defendant Guy wrote a major disciplinary charge against him for failure to obey an order and out of place assignment. (Doc. 1, p. 25). Plaintiff admits he did not have any physical marks on him, but argues the lack of marks were not proof that he was not attacked. He alleges the other inmate pushed him in the face and back, and complains that no DNA test was done on him to see if there was a handprint on his face. (Doc. 1, p. 7). Plaintiff alleges this "wrongful punishment" placed him in punitive isolation, where he was deprived of numerous privileges. (Doc. 1, pp. 11-12).

The disciplinary charge describes the incident as follows:

On September 7, 2012 at approximately 5:10 am I Sgt R Guy was called to housing 2. When I arrived COI Talamantez told me that there was a possible problem developing between inmates Phillip Stewart #151956 (class IV zone II job Field Utility bed 5-05) and Sammie Bowman #151461 (class II zone II job Field Utility bed 5-30L). When I questioned both inmates they stated that [a] situation developed when on 8-18-12 inmate Bowman allegedly used inmate Stewart['s] cell toilet. When I continued to question, inmate Stewart became more and more agitated about the toilet being used. Inmate Stewart then began telling me how inmate Bowman had shoved him in the face, neither myself or the barracks officer saw any markings. When I told Inmate Stewart to provide a witness statement, he began to change his story (a total of 4 times) each time the

---

[1] The Court notes the document attached was correctly labelled as AR 411. However, this document is a Board of Corrections Administrative Regulation which addresses the use and review of audio-visual equipment when there is a use of force against an inmate by an employee of the ADC. It is therefore not applicable to the facts of this case.

2

>     alleged assault became more and more involved and violent. I informed Captain Haynie-Gulley of the situation and per instructions ordered inmate Stewart to return to the barracks. Inmate Stewart refused my orders and stated that "there is no way in hell I am going back in that barracks, he is dead to me." Stewart then refused a second order to return to the barracks. At no time did he make any statements to me that he had been threatened or had any fear for his safety. At this point inmate Stewart was taken into custody, examined by the infirmary and placed in isolation. Therefore I am charging inmate Phillip Stewart #151956 with violations 12-1 and 3-1 pending DCR.

(Doc. 1, p. 25).

Plaintiff alleges Defendant Gulley "wrongfully punished" him when, as chief security officer, she reviewed and "put her stamp of approval" on his disciplinary charge rather than dismissing it. (Doc. 1, p. 14). He sues both Defendants in their individual and "ADC capacity." The Court will presume this to mean individual and official capacity. He seeks $200,000 in punitive and $200,000 in compensatory damages. (Doc. 1, p. 4).

Plaintiff filed a document labelled as an Amended Complaint on September 18, 2015. It was filed as a Supplement to his complaint (Doc. 6). In this document, Plaintiff listed Ray Hobbs, Raymond Naylor, and Marshall Dale Reed in the statement of claim, but did not identify them as Defendants in the earlier portion of the complaint. They were therefore not added as Defendants when the supplement was filed and were not served. Plaintiff did not request leave of the Court to amend his complaint. Further, as discussed below, it will not be necessary to do so. His claims against these Defendants are "failure to correct" his disciplinary charge and "failure to respond" to his disciplinary appeal before his time in punitive isolation ended. (Doc. 6). Plaintiff provided additional detail to his original complaint, alleging he received thirty days of punitive isolation for the disciplinary charge. He alleges the disciplinary charge resulted in a loss of privileges and a loss of class level status. (Doc. 6, pp. 5, 9, 15). He further alleges that the loss of class level negatively affected his parole status and good time credit. (Doc. 6, p. 15).

Defendants filed their Motion for Judgment on the Pleadings on November 5, 2015. (Doc. 14). Plaintiff responded on November 18, 2015. (Doc. 16). In his response, Plaintiff cites a number of cases and alleges that Sammie Bowman admitted coming into his cell, and that he did not lie when he said Sammie Bowman attacked him. He also complains that Sammie Bowman did not get an out of place disciplinary charge when he admitted coming into Plaintiff's cell. (Doc. 16, p. 4). He attached a witness statement from Sammie Bowman, who states he "didn't like the fact that he came to me about his restroom, something that happened over a month ago." (Doc. 16, p. 6). Bowman further states he didn't have any problems with Plaintiff and has tried to appease Plaintiff without success. Plaintiff attached a witness statement of his own as well. The statement is difficult to follow, but appears to state that Sammie Bowman came into his cell and dared him to tell security about the restroom incident.

Plaintiff filed two other supplements on January 11, 2016 and January 22, 2016. (Docs. 20, 21). They do not appear to add any additional relevant facts or legal arguments to this case.

## II. LEGAL STANDARD

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004) (*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### III. DISCUSSION

Defendants argue Plaintiff's case should be dismissed for three reasons: 1) his claims are barred by *Heck v. Humprey*; 2) any claims for injunctive relief are moot due to Plaintiff's transfer to another unit; and 3) Plaintiff's claims are barred by qualified immunity.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). An inmate challenge to the validity of the disciplinary charge conviction is barred by *Heck*. *Edwards,* 520 U.S. at 646-48. Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time

5

credit is also barred, as the credit will ultimately change the duration of the sentence served. *Id.* As long as the validity or the duration of the sentence is not implicated by the challenge, however, an inmate may bring a procedural due process challenge concerning the constitutionality of the prison disciplinary proceedings. *Muhammad v. Close*, 540 U.S. 749, (2004); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999) (assuming the defendant had standing to do so, a claim for injunctive relief to enjoin defendants from conducting future hearings which lacked due process could survive for further review because "such relief would not call into question the underlying punishment").

In this case, Plaintiff's claims for "wrongful punishment" are a clear attempt to challenge the validity of his disciplinary charge conviction. His supplement further challenges his loss of class status and the effect of that loss on his parole status and good-time credit. As such, his claims are barred by *Heck*.

To the extent his argument concerning Defendant Guy's failure to review the camera could be interpreted as a due process claim, this too fails. Plaintiff received a disciplinary charge for failure to obey an order from staff and out of place assignment. It was not necessary for Defendant Guy to review camera footage of the barracks to verify that Plaintiff was not obeying an order from him or was out of place assignment. Likewise, Plaintiff's argument that he is entitled to DNA testing to show whether another inmate placed his hand on Plaintiff's face fails. *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 53. (2009) (There is no "freestanding, substantive due process right to DNA evidence.").

Nor do his claims of "failure to correct" and "failure to respond" against the individuals named in his supplement raise any cognizable claims. Plaintiff's only claim against these

potential Defendants is their failure to reverse the disciplinary charge conviction against him when he appealed it. This allegation fails to state a claim against them. *See, e.g., Manning v. Hobbs*, 2012 WL 2087445 (E.D. Ark. May 23, 2012) (ADC Director Hobbs and the disciplinary hearing officer not liable in *respondeat superior* for issuance of disciplinary charges).

## IV. CONCLUSION

For these reasons, Defendants' motion for judgment on the pleadings (Doc. 14) is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 30th day of March, 2016.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE